UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-　　　　　　　　　　　　　　　　　　　ORDER

RAYMOND GILKES,　　　　　　　　　　　　　　17-CR-753-2 (CS)

       Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Raymond Gilkes's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 368), and the Government's opposition thereto, (Doc. 372).

      On January 23, 2019, Defendant was sentenced principally to sixty-six months' imprisonment. (Doc. 252.) That sentence was six months above the mandatory minimum applicable to his offense and below the Sentencing Guidelines range of 70-87 months. (Doc. 18 ("PSR") at 25.) He has served approximately almost thirty-two of those sixty months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1] "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that the dangers presented by the coronavirus pandemic in prison, combined with his obesity – a condition identified by the Centers for Disease Control ("CDC") as putting one at increased risk for a severe case if infected – amount to an extraordinary and compelling reason.[2] He points to the COVID-19 outbreak at FCI Allenwood Medium, where he is incarcerated. He further notes that he has behaved in prison and taken advantage of programs, including the Residential Drug Abuse Treatment Program ("RDAP"), which he began but which has been suspended for the time being, and that if released he could live with his longtime girlfriend. There is an outbreak at FCI Allenwood Medium, but it appears to have peaked,[3] and

---

[1] Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]." But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2] Defendant also says he has high cholesterol and pre-diabetes, but neither of those conditions is identified by the CDC as increasing risk.

[3] When Defendant made his motion on November 17, 2020, he represented that there were 123 positive inmates as of November 10, 2020. When the Government responded on November 24, it represented that there were 49 positive inmates. As of today, the Bureau of Prisons ("BOP") website says there are 92 positive inmates, and the Department of Justice Office of Inspector General ("DOJ-OIG") "dashboard" says there are 35 positive inmates. I am

thankfully there have been no deaths.  Further, the Government represents that Defendant's housing unit has had only a small number of cases, traceable to contacts with inmates from another unit; that the positive inmates have been isolated; that the unit has been locked down since the facility's first positive test; and that Defendant has tested negative four times since the lockdown.  Thus, while there is surely some risk in these circumstances, I do not regard it as rising to the level of extraordinary and compelling.

Even if it did, however, I would have to consider the § 3553(a) factors.  They militate against early release from Defendant's already-below-Guidelines sentence.[4]  The instant offense – which occurred when Defendant was 31 years old – was his twelfth criminal conviction (four of which did not count toward his criminal history score under the Sentencing Guidelines) and his seventh drug offense, and he embarked on it within a year of finishing his previous sentence.  It involved his role as seller, middleman and supplier in a conspiracy involving at least 28 grams of crack and 500 grams of cocaine.  Two of his priors involved attempts to flee from the police.  He proposes to return to live with his girlfriend, and although she appears to be a legitimate person, Defendant has accumulated 10 convictions during their relationship, so that connection is unlikely to make Defendant any more law-abiding than he was before.  Likewise, although it is not his fault that RDAP has been suspended, he has not completed that program, and thus the risk of his return to drug use and criminal conduct remains high.  While Defendant's record in

---

guessing that Defendant's number came from the BOP website and the Government's came from the DOJ-OIG dashboard.  In any event, both sources indicate that the number of positive inmates has gone down.

[4]According to the BOP website, Defendant has more than two years until his projected release date.

prison appears to be positive, his does not seem to do well outside the structured setting of prison.

Releasing Defendant now would undermine several of the § 3553(a) factors.  It would not sufficiently address the nature and seriousness of the offense, including the extent of his drug dealing, or Defendant's lengthy history of repeated drug offenses, including his return to significant drug dealing not long after finishing a prior sentence.  It would not be just punishment, would insufficiently deter, and would introduce unwarranted sentencing disparities.  It would not address Defendant's lack of respect for the law or suffice to protect the public from further crimes by Defendant, unfortunately a distinct possibility given the Defendant's record.  In short, even if Defendant had shown extraordinary and compelling circumstances, I would deny the motion in light of the § 3553(a) factors.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate Doc. 372 and 29.

Dated: November 27, 2020
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.